UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

GRANVILLE PILLOW ]
    Plaintiff, ]
     ]
v. ] No. 1:12-0136
     ] JUDGE HAYNES
BRIAN GRAY, et al. ]
    Defendants. ]

MEMORANDUM

Plaintiff, Granville Pillow, an inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Brian Gray and Lt. Robin Howell, members of the Columbia Police Department. Plaintiff seeks damages arising out of Defendants' search of his residence.

On January 13, 2011, Defendant Gray executed a search warrant at the Plaintiff's place of residence. During the course of the search, Defendant Gray allegedly seized a cell telephone and one hundred eighty four dollars ($184). Plaintiff's claims are that these items of personal property were mistakenly seized and that he should be reimbursed for their loss.

To state a claim for § 1983 relief, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44, (1981). A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. Hudson v. Palmer, 468 U.S. 517 (1984). This

general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982). Here, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, absent of any allegations that the Plaintiff has been denied the due process safeguards guaranteed to him by state law, Plaintiff fails to state a claim upon which relief can be granted.

When a prisoner plaintiff fails to state a claim for relief, the Court must dismiss his complaint *sua sponte.* 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge
11-13-12